[Ratliff v. The State.]

# Ratliff *v.* The State.

*Indictment for Wanton Injury to a Hog.*

1. *Wanton injury of a hog; admissibility of evidence showing de-fendant was not present at time of injury.*—On a trial under an indictment charging the defendant with wantonly injur-ing a hog, where the testimony on the part of the State tend-ed to show that the hog was injured by a dog which was set on the hog by the defendant, it is competent for the defendant to show that at the time of the alleged injury he was not at the place where the hog was injured, and was not about the place during the month in which the injury occurred.

2. *Pleading and practice; defendant can not question correctness of bill of exceptions on appeal.*—Where the defendant accepts a bill of exceptions signed by the presiding judge and makes it a part of his record on appeal to the Supreme Court, he can not, in argument, question the correctness of such bill of exceptions.

3. *Error without injury in refusing proper charge.*—Error on the part of the trial court in refusing to give a charge which as-serts a correct proposition of law as applicable to the pend-ing case, is error without injury, where the instruction con-tained in said charge is included in another requested charge given by the court.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

The appellant, Louis Ratliff, was indicted, tried and convicted for the wanton injury of a hog.

The tendency of the State's testimony is shown in the oipnion. One S. W. Sandlin, a witness for the State, tes-tified that on the morning of the day the hog in question was injured, the defendant came to him as a justice of the peace, and telling him that his fence was not in good condition, asked him if the law would not make people keep their hogs out of his field, and upon being told by said witness, that the law would not help him unless he had a lawful fence, the defendant remarked that he

would then have to protect himself, but he did not say how he would protect himself.

The evidence for the defendant tended to show that at the time the hog was alleged to have been injured, he, the defendant, was not in the field, but was sick. The evidence pertaining to the other rulings of the trial court, which are reviewed on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury, among others, the following written charge, which was the second asked, and separately accepted to the court's refusal to give it as asked: "I charge you, gentlemen of the jury, that if you believe from the evidence that the hog was injured on or about the 3rd of August, and you further believe that the defendant did not make the statement to Sandlin until on or about the last of August, then you cannot take into consideration the statement made to Sandlin bearing upon this particular case."

S. T. WERT, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

DOWDELL, J.—The defendant was tried and convicted under an indictment for the wanton injury of a hog, the property of one Nelsie Garth. The testimony on the part of the State tended to show that the hog was injured by the defendant's dog on the 3d day of August, 1896, while in the defendant's field, and that the defendant was present at the time and setting the dog upon the hog. The defendant asked one Ratliff, who testified in behalf of the defendant, to state whether the defendant was sick during the fall of 1896, and if so who looked after keeping the stock out of the field, and whether or not defendant was about the field especially in August, 1896. The solicitor objected to the question, and the objection was sustained, to which action of the court, the defendant excepted. While it does not appear what the answer would have been, if the witness had been permitted to answer, it is manifest that the evidence sought was relevant to the issue. If it was sought to prove by

[Ratliff v. The State.]

this witness, that the defendant was not about the field in the month of August, which covered the time of the alleged injury fixed by the State, it was clearly relevant and competent; being strictly in rebuttal of testimony introduced by the State, and it was error to refuse it.

A defendant cannot be heard in argument to impeach a bill of exceptions signed by the presiding judge as the defendant's bill of exceptions, and which the defendant accepts and makes a part of his record on an appeal to this court. If the bill of exceptions signed by the presiding judge, be not as tendered by the defendant, the defendant is not bound to accept the same, and may proceed to establish his bill, provided his bill as tendered is true and the presiding judge refuses to sign it.

There was no error in refusing the second written charge requested by the defendant. This charge was bad in several respects. It was a clear invasion of the province of the jury. The testimony of the witness Sandlin on cross-examination shows that the statement made to him by the defendant, was prior to the injury to the hog, and on the morning of the same day.

As to the other written charge requested by the defendant and refused by the court, there was no possible injury to the defendant in the refusal. The bill of exceptions sets out a charge given by the court at the defendant's request, which fully embraced and covered all that was requested by the refused charge.

For the error pointed out in sustaining the State's objection to question asked the witness Ratliff by the defendant, the judgment must be reversed and the cause remanded.